UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 6 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

THEODORE J. THOMPSON,              )
                                   )
              Plaintiff,           )
                                   )
      v.                           )        Civil Action No. 17-1098 (UNA)
                                   )
UNITED STATES OF AMERICA, *et al.*, )
                                   )
              Defendants.          )
                                   )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court grants the application and dismisses the complaint with prejudice.

The plaintiff filed a civil rights action in the United States District Court for the District of Nevada in February 2007. Compl. at 5. In November 2009, the presiding judge adopted a Magistrate Judge's recommendation to dismiss the case. *Id.* at 6. The plaintiff appealed the dismissal to the United States Court of Appeals for the Ninth Circuit, *id.*, a panel of which affirmed the district court's ruling, *id.* at 7. In June 2014, the plaintiff filed "An Extraordinary Writ of Error" in the Ninth Circuit, and in response to his telephone inquiry in December 2016, the plaintiff learned that the document had gone missing. *Id.* The plaintiff claims that the defendants have violated rights protected under the First, Fifteenth, and Fourteenth Amendments to the United States Constitution, *id.* at 1, and he has demanded compensation of $22 million, *id.* at 8.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA is one example of an express waiver of sovereign immunity, allowing the United States to be held liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 1346(b)(1), but the FTCA does not expose the United States to liability for the commission of all torts, *see, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). And here, the Court lacks subject matter jurisdiction over the plaintiff's claims against the United States because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Meyer*, 510 U.S. at 478.

The plaintiff faults the federal judges for their respective rulings in cases before them. His claims must be dismissed because the judges enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872).").

The Court lacks subject matter jurisdiction over the plaintiff's constitutional tort claims against the United States, and the federal judges are immune from suit. Therefore, the Court will dismiss the complaint in its entirety. An Order consistent with this Memorandum Opinion is issued separately.

DATE:  June 21, 2017

_____
United States District Judge